UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

A.G. MORGAN FINANCIAL ADVISORS, LLC,
VINCENT J. CAMARDA, and
JAMES MCARTHUR,

    Defendants.

Case No. 22-cv-3421-DG-ST

Hon. Diane Gujarati

---

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, A.G. Morgan Financial Advisors, LLC ("AGM"), Vincent J. Camarda ("Mr. Camarda") and James McArthur (Mr. McArthur") (collectively, "Defendants"), by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby file their Answer and Affirmative Defenses to the Complaint filed by Securities and Exchange Commission ("Plaintiff"), and state as follows:

### I.    INTRODUCTION[1]

1. Paragraph 1 of the Complaint is denied, and Defendants demand strict proof thereof.

2. Paragraph 2 of the Complaint is denied, and Defendants demand strict proof thereof.

---

[1] The headings in this document are taken from the headings in the Complaint, and are provided for ease of reference only. They are not intended as an admission of any kind; to the contrary, to the extent they contain allegations requiring a response, Defendants expressly deny all such allegations.

1

3.    Defendants admit that they solicited investors and offered or sold promissory notes to investors related to Complete Business Solutions Group, d/b/a Par Funding ("Par Funding"). Defendants deny the remainder of the allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

4.    Paragraph 4 of the Complaint is denied, and Defendants demand strict proof thereof.

5.    Admitted.

6.    Paragraph 6 of the Complaint is denied, and Defendants demand strict proof thereof.

7.    Paragraph 7 of the Complaint is denied, and Defendants demand strict proof thereof.

8.    Paragraph 8 of the Complaint is denied, and Defendants demand strict proof thereof.

9.    Paragraph 9 of the Complaint is denied, and Defendants demand strict proof thereof.

## II.    DEFENDANTS AND RELATED ENTITIES

### A.    Defendants

10.    Admitted.

11.    Denied that Mr. Camarda is still a registered representative of IBN Financial Services, Inc. The remainder of the allegations in Paragraph 11 of the Complaint are admitted.

12.    Denied that Mr. McArthur is still a registered representative of IBN Financial Services, Inc. The remainder of the allegations in Paragraph 12 of the Complaint are admitted.

## B.     Related Entities

13. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 13 of the Complaint, and demand strict proof thereof.

14. Admitted that the Order referenced in Paragraph 14 of the Complaint speaks for itself. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 14 of the Complaint, and demand strict proof thereof.

15. Admitted that the Cease and Desist Order referenced in Paragraph 15 of the Complaint speaks for itself. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 15 of the Complaint, and demand strict proof thereof.

16. Admitted that the Emergency Cease and Desist Order referenced in Paragraph 16 of the Complaint speaks for itself. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 16 of the Complaint, and demand strict proof thereof.

17. Admitted that the allegations of Plaintiffs' enforcement action against Par Funding and the Temporary Restraining Order referenced in Paragraph 17 of the Complaint speak for themselves. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 17 of the Complaint, and demand strict proof thereof.

18.     Denied that Mr. Camarda and Mr. McArthur organized the AGM Funds, and Defendants demand strict proof thereof. The remainder of the allegations contained in Paragraph 18 of the Complaint are admitted.

19.     Denied that Mr. Camarda and Mr. McArthur recommended that their advisory clients invest in Par Funding pursuant to a Finder's Agreement between AG Morgan Tax & Accounting LLC and Par Funding. Denied that AGM or Mr. Camarda received commissions generated from the Finder's Agreement between AG Morgan Tax & Accounting LLC and Par Funding. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 19 of the Complaint, and demand strict proof thereof.

### III.  JURISDICTION AND VENUE

20.     Paragraph 20 of the Complaint is admitted for the purposes of jurisdiction and venue only. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint, and demand strict proof thereof.

21.     Paragraph 21 of the Complaint is admitted for the purposes of jurisdiction and venue only. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint, and demand strict proof thereof.

### IV.  THE DEFENDANTS' VIOLATIVE CONDUCT

#### A.  Par Funding

22.     Admitted that Par Funding was in the business of funding transactions characterized as short-term loans to businesses and that such loans were also referred to as merchant cash advances. Defendants are without knowledge or information sufficient to form a belief with regard

to the truth of the remainder of the allegations contained in Paragraph 22 of the Complaint, and demand strict proof thereof.

23. Admitted that Par Funding offered and sold promissory notes. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 23 of the Complaint, and demand strict proof thereof.

24. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 24 of the Complaint, and demand strict proof thereof.

25. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 25 of the Complaint, and demand strict proof thereof.

26. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 26 of the Complaint, and demand strict proof thereof.

27. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 27 of the Complaint, and demand strict proof thereof.

**B.    From 2016 through 2017, Camarda and AGM Become Indebted to Par Funding**

28. Denied that Par Funding loaned or advanced AGM approximately $750,000. Admitted that certain loans or advances were taken in 2016 and 2017. The remainder of the allegations in Paragraph 28 of the Complaint are admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted that the email referenced in Paragraph 32 of the Complaint speaks for itself.

33. Admitted that the email referenced in Paragraph 33 of the Complaint speaks for itself.

34. Admitted.

35. Paragraph 35 of the Complaint is denied, and Defendants demand strict proof thereof.

36. Admitted that Mr. Camarda received documents from Par Funding on or about July 19, 2017. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 36 of the Complaint, and demand strict proof thereof.

37. Admitted that Mr. Camarda received a sample of Par Funding's promissory notes. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 37 of the Complaint, and demand strict proof thereof.

38. Admitted.

39. Paragraph 39 of the Complaint is denied, and Defendants demand strict proof thereof.

40. Paragraph 40 of the Complaint is denied, and Defendants demand strict proof thereof.

41. Paragraph 41 of the Complaint is denied, and Defendants demand strict proof thereof.

42. Paragraph 42 of the Complaint is denied, and Defendants demand strict proof thereof.

43. Admitted.

44. Admitted that Mr. Camarda sent a text message to Joseph LaForte on or about December 14, 2017, regarding the status of AGM's loan from Par Funding. Denied that Mr. Camarda was sending new business to Par Funding. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 44 of the Complaint, and demand strict proof thereof.

45. Admitted that the email referenced in Paragraph 45 of the Complaint speaks for itself.

46. Admitted that the attachment to the email referenced in Paragraph 46 of the Complaint speaks for itself.

47. Admitted that the email referenced in Paragraph 47 of the Complaint speaks for itself.

48. Admitted.

49. Admitted.

    **C.**    **Camarda, AGM, and McArthur Raise Investor Funds For Par Funding's Unregistered Securities Offering**

50. Admitted that Mr. Camarda and Mr. McArthur raised money from their advisory clients from approximately December 2018 through July 2020. The remainder of the allegations in Paragraph 50 of the Complaint are denied, and Defendants demand strict proof thereof.

    **1.**    **August 2017 – November 2017**

51. Paragraph 51 of the Complaint is denied, and Defendants demand strict proof thereof.

52. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 52 of the Complaint, and demand strict proof thereof.

53. Paragraph 53 of the Complaint is denied, and Defendants demand strict proof thereof.

54. Paragraph 54 of the Complaint is denied, and Defendants demand strict proof thereof.

55. Paragraph 55 of the Complaint is denied, and Defendants demand strict proof thereof.

56. Paragraph 56 of the Complaint is denied, and Defendants demand strict proof thereof.

57. Paragraph 57 of the Complaint is denied, and Defendants demand strict proof thereof.

58. Paragraph 58 of the Complaint is denied, and Defendants demand strict proof thereof.

59. Paragraph 59 of the Complaint is denied, and Defendants demand strict proof thereof.

60. Paragraph 60 of the Complaint is denied, and Defendants demand strict proof thereof.

61. Paragraph 61 of the Complaint is denied, and Defendants demand strict proof thereof.

62. Paragraph 62 of the Complaint is denied, and Defendants demand strict proof thereof.

63. Paragraph 63 of the Complaint is denied, and Defendants demand strict proof thereof.

64. Paragraph 64 of the Complaint is denied, and Defendants demand strict proof thereof.

65. Paragraph 65 of the Complaint is denied, and Defendants demand strict proof thereof.

66. Paragraph 66 of the Complaint is denied, and Defendants demand strict proof thereof.

67. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 67 of the Complaint, and demand strict proof thereof.

68. Paragraph 68 of the Complaint is denied, and Defendants demand strict proof thereof.

69. Paragraph 69 of the Complaint is denied, and Defendants demand strict proof thereof.

70. Paragraph 70 of the Complaint is denied, and Defendants demand strict proof thereof.

71. Paragraph 71 of the Complaint is denied, and Defendants demand strict proof thereof.

72. Paragraph 72 of the Complaint is denied, and Defendants demand strict proof thereof.

73. Paragraph 73 of the Complaint is denied, and Defendants demand strict proof thereof.

74. Paragraph 74 of the Complaint is denied, and Defendants demand strict proof thereof.

75. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 75 of the Complaint, and demand strict proof thereof.

76. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 76 of the Complaint, and demand strict proof thereof.

77. Paragraph 77 of the Complaint is denied, and Defendants demand strict proof thereof.

78. Paragraph 78 of the Complaint is denied, and Defendants demand strict proof thereof.

79. Paragraph 79 of the Complaint is denied, and Defendants demand strict proof thereof.

80. Paragraph 80 of the Complaint is denied, and Defendants demand strict proof thereof.

81. Paragraph 81 of the Complaint is denied, and Defendants demand strict proof thereof.

### 2. December 2018 – July 2020

82. Paragraph 82 of the Complaint is denied, and Defendants demand strict proof thereof.

83. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in Paragraph 83 of the Complaint, and demand strict proof thereof.

84. Admitted.

85. Paragraph 85 of the Complaint is denied, and Defendants demand strict proof thereof.

86. Paragraph 86 of the Complaint is denied, and Defendants demand strict proof thereof.

87. Admitted.

88. Paragraph 88 of the Complaint is denied, and Defendants demand strict proof thereof.

89. Paragraph 89 of the Complaint is denied, and Defendants demand strict proof thereof.

90. Admitted that the PPM referenced in Paragraph 90 of the Complaint speaks for itself.

91. Admitted that the PPM referenced in Paragraph 91 of the Complaint speaks for itself.

92. Paragraph 92 of the Complaint is denied, and Defendants demand strict proof thereof.

93. Denied that Mr. Camarda and Mr. McArthur raised over $60 million from investors and AGM clients. The remainder of the allegations in Paragraph 93 of the Complaint are admitted.

94. Admitted.

95. Paragraph 95 of the Complaint is denied, and Defendants demand strict proof thereof.

96. Paragraph 96 of the Complaint is denied, and Defendants demand strict proof thereof.

97. Paragraph 97 of the Complaint is denied, and Defendants demand strict proof thereof.

98. Paragraph 98 of the Complaint is denied, and Defendants demand strict proof thereof.

99. Paragraph 99 of the Complaint is denied, and Defendants demand strict proof thereof.

100. Admitted.

101. Paragraph 101 of the Complaint is denied, and Defendants demand strict proof thereof.

102. Paragraph 102 of the Complaint is denied, and Defendants demand strict proof thereof.

103. Paragraph 103 of the Complaint is denied, and Defendants demand strict proof thereof.

104. Admitted that the PPM referenced in Paragraph 104 of the Complaint speaks for itself.

105. Admitted.

106. Paragraph 106 of the Complaint is denied, and Defendants demand strict proof thereof.

107. Paragraph 107 of the Complaint is denied, and Defendants demand strict proof thereof.

108. Paragraph 108 of the Complaint is denied, and Defendants demand strict proof thereof.

109. Paragraph 109 of the Complaint is denied, and Defendants demand strict proof thereof.

110. Paragraph 110 of the Complaint is denied, and Defendants demand strict proof thereof.

111. Paragraph 111 of the Complaint is denied, and Defendants demand strict proof thereof.

112. Paragraph 112 of the Complaint is denied, and Defendants demand strict proof thereof.

113. Paragraph 113 of the Complaint is denied, and Defendants demand strict proof thereof.

114. Admitted that Mr. Camarda sent a text message to Joseph LaForte on or about November 14, 2018, which speaks for itself. Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in Paragraph 114 of the Complaint, and demand strict proof thereof.

115. Admitted that Joseph LaForte's text message speaks for itself.

116. Admitted that Joseph LaForte's text message speaks for itself.

117. Paragraph 117 of the Complaint is denied, and Defendants demand strict proof thereof.

118. Paragraph 118 of the Complaint is denied, and Defendants demand strict proof thereof.

### D. Defendants' Breach of Fiduciary Duty to Their Clients and Participation In An Unregistered Securities Offering

119. Admitted.

120. Admitted.

121. Admitted.

122. Denied that Mr. Camarda provided advice to his clients to purchase the Par Funding promissory notes. The remainder of the allegations in Paragraph 122 of the Complaint are admitted.

123. Paragraph 123 of the Complaint is denied, and Defendants demand strict proof thereof.

124. Admitted.

125. Admitted.

126. Admitted.

127. Admitted.

128. Paragraph 128 of the Complaint is denied, and Defendants demand strict proof thereof.

129. Paragraph 129 of the Complaint is denied, and Defendants demand strict proof thereof.

130. Paragraph 130 of the Complaint is denied, and Defendants demand strict proof thereof.

131. Paragraph 131 of the Complaint is denied, and Defendants demand strict proof thereof.

132. Admitted.

133. Paragraph 133 of the Complaint is denied, and Defendants demand strict proof thereof.

134. Paragraph 134 of the Complaint is denied, and Defendants demand strict proof thereof.

135. Admitted.

136. Admitted that Mr. Camarda's test message speaks for itself.

## COUNT I

### Sale of Unregistered Securities in Violation of Sections 5(a) and 5(c) of the Securities Act

### Against All Defendants

137. Defendants reassert and re-allege the answers to Paragraphs 1 through 136 above as if fully set forth herein.

138. Paragraph 138 of the Complaint is denied, and Defendants demand strict proof thereof.

139. Paragraph 139 of the Complaint is denied, and Defendants demand strict proof thereof.

140. Paragraph 140 of the Complaint is denied, and Defendants demand strict proof thereof.

## COUNT II

### Violations of Section 206(1) of the Advisors Act

### Against Camarda and AGM

141. Defendants reassert and re-allege the answers to Paragraphs 1 through 136 above as if fully set forth herein.

142. Paragraph 142 of the Complaint is denied, and Defendants demand strict proof thereof.

143. Paragraph 143 of the Complaint is denied, and Defendants demand strict proof thereof.

### COUNT III

### Violations of Section 206(2) of the Advisors Act

### Against Camarda and AGM

144. Defendants reassert and re-allege the answers to Paragraphs 1 through 136 above as if fully set forth herein.

145. Paragraph 145 of the Complaint is denied, and Defendants demand strict proof thereof.

146. Paragraph 146 of the Complaint is denied, and Defendants demand strict proof thereof.

### COUNT IV

### Violations of Section 206(2) of the Advisors Act

### Against Camarda, McArthur and AGM

147. Defendants reassert and re-allege the answers to Paragraphs 1 through 136 above as if fully set forth herein.

148. Paragraph 148 of the Complaint is denied, and Defendants demand strict proof thereof.

149. Paragraph 149 of the Complaint is denied, and Defendants demand strict proof thereof.

Defendants further give notice of the following Affirmative Defenses, and state that in so doing Defendants do not assume the burden of production and/or persuasion where the applicable substantive law places these burden(s) on Plaintiff as part of Plaintiff's prima facie case or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Defendants hereby provide notice that they intend to rely on a defense that they relied upon advice of counsel. Defendants did not act with the requisite mental state that Plaintiff must prove, and the Court should decline to issue the equitable relief sought by Plaintiff, because Defendants' reliance on the advice of their counsel is inconsistent with the Plaintiff's allegations of violations of the federal securities laws and the relief sought. Defendants made a full and complete good faith report of all material facts to counsel that they considered competent, received the attorneys' advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

## SECOND AFFIRMATIVE DEFENSE

In executing or authorizing the execution and/or publication of any document containing the statements complained of in the Complaint, Defendants were entitled to, and did, reasonably and in good faith, rely upon the work and conclusions of other professionals and experts.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants acted at all times in good faith and/or did not know, and in the exercise of reasonable case could have known, or had

any reasonable grounds to believe, that any misstatements or omissions of material fact existed in any statements, reports, and/or filings allegedly issued or uttered by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants cannot be maintained because the conduct alleged in the Complaint was not intentional, was believed to be lawful, proper, and fair, and was the result of mistake of fact or mistake of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants cannot be maintained because the alleged acts and/or omissions complained of, if any, were due to the fault of persons, factors, and circumstances presently unknown to Defendants, over which they exercised no control, and for whose actions they were not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the Complaint seeks an impermissible forfeiture.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages because any such recovery would be a windfall resulting in unjust enrichment to Plaintiff or to a party Plaintiff purports to seek to reimburse.

### EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the relief Plaintiff seeks violates the federal constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants cannot be maintained because superseding or intervening events, not caused by Defendants, caused some or all of the alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because any and all purported statements and/or actions attributed to Defendants were immaterial.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the notes at issue are not securities because they fall squarely within the list of non-securities enumerated in *Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990). The notes are also exempt as securities under the express language of the Exchange Act (15 U.S.C. § 78c(a)(10)) and from the registration requirement under the Securities Act (15 U.S.C. § 77b(a)(1)).

### FOURTEENTH AFFIRMATIVE DEFENSE

Additional facts may be revealed by future discovery which support additional affirmative defenses presently available to, but unknown to, Defendants. Therefore, Defendants reserve the right to assert additional defenses in the event that investigation and discovery indicate that additional defenses are appropriate.

Dated: August 23, 2022

        WINGET, SPADAFORA &
        SCHWARTZBERG, LLP
        *Attorneys for Defendants*

        /s/ Steven E. Mellen
        Steven E. Mellen, Esq. [SM-7368]
        *mellen.s@wssllp.com*
        45 Broadway, 32nd Floor
        New York, New York 10006
        Tel: (212) 221-6900
        Fax: (212) 221-6989

        Benjamin J. Biard, Esq.
        *biard.b@wssllp.com*
        Zachary S. Knoblock, Esq.
        *knoblock.z@wssllp.com*
        One SE Third Avenue, Suite 1950
        Miami, Florida 33131
        Tel: (305) 830-0600
        Fax: (305) 830-0601