

NEW YORK:
45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
mellen.s@wssllp.com

July 26, 2023

**VIA ECF**
Hon. Diane Gujarati, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    S.E.C. v. A.G. Morgan Financial Advisors, et al.
                       Case No. 22-cv-3421-DG-ST

Dear Judge Gujarati:

       This firm represents the Defendants in connection with the captioned matter. In accordance with Your Honor's Individual Practice Rules, I write in response to Plaintiff's pre-motion letter dated July 12, 2023 [ECF No. 36]. A proposed response to Plaintiff's proposed Rule 56.1 statement is also attached.

       Defendants appreciate Plaintiff's acknowledgment that the majority of its claims present, at a minimum, a triable issue of fact from the SEC's perspective. As set forth in our own pre-motion letter [ECF No. 32], Defendants believe they are entitled to summary judgment on all counts of the Complaint, but given the conclusive tone of their allegations in this matter (which they have not hesitated to proclaim far and wide in the public square), it lends a measure of comfort for the SEC to acknowledge that a bona fide factual dispute exists as to a majority of the claims at issue.

       Indeed, even as to Count I of the Complaint, the only claim which Plaintiff seeks to put at issue in its proposed motion, Plaintiff appears to acknowledge that a triable issue of fact exists as to at least a portion of that claim. As previously set forth in our own pre-motion letter: "Although the Complaint is unclear on this issue, Count I refers to a time frame of August 2017 through July 2020, which implies that Plaintiff seeks to premise claims upon both (i) sales of Par Funding between August-November 2017 (Complaint ¶¶51-81) and (ii) sales of AGM Fund I and AGM Fund II between December 2018 and July 2020 (Complaint ¶¶82-118)." [ECF No, 32, at 2] It appears from Plaintiff's letter that Plaintiff acknowledges there is a triable issue of fact as to the first of these items: whether Defendants solicited any sales of Par Funding promissory notes between August 2017 and November 2017.

Hon. Diane Gujarati
July 26, 2023
Page 2

  However, even as to the second component of Count I, it appears Plaintiff does not seek summary judgment on the issue of whether Defendants violated the Securities Act by selling unregistered securities of AGM Funds I & II.  Indeed, according to Plaintiff's response to our pre-motion letter filed earlier today [ECF No. 37], Plaintiff's position is that there is not even a claim in this case premised on the AGM Fund offerings being unregistered.  *See* ECF No. 37, at 2.  Instead, Plaintiff apparently intends to seek summary judgment on a novel theory which is not clearly set forth anywhere in the Complaint – a theory that even though Defendants' customers from the period December 2018-July 2020 never purchased securities offered by Par Funding, somehow Defendants sold them unregistered securities of Par Funding anyway.  Our best understanding of this newly-presented argument is that because the amounts invested by customers in AGM Funds I & II were used by those funds to purchase Par Funding securities, this somehow constitutes a sale of unregistered Par Funding securities to the investors in AGM Funds I & II.

  We do not see how the Complaint could be fairly read to put Defendants on notice that they were being sued for allegedly selling unregistered Par Funding securities between December 2018 and July 2020, given that it is nowhere alleged that any customers purchased Par Funding securities through Defendants during that period.  Instead, it reasonably appeared to Defendants that beginning in 2018, they were being accused of selling unregistered securities issued by AGM Funds I & II – not unregistered securities issued by Par Funding, which they were only alleged to have offered between August-November 2017.  For example, paragraph 86 of the Complaint pointedly alleges that the AGM Fund I promissory notes "were securities," an allegation that would be unnecessary if Defendants were not being accused of selling unregistered securities of AGM Fund I.  Paragraph 105 of the Complaint contains the allegation that "AGM and Camarda solicited others to invest in AGM Fund II by airing a television commercial."  This is an allegation that can only be relevant to the issue of whether AGM Fund II was entitled to claim an exemption from registration, since 17 C.F.R. §230.502(c) contains certain restrictions on broadcast advertisements of exempt securities.

  Indeed, even Plaintiff's proposed Rule 56.1 statement filed on July 12, which is ostensibly limited to the subject matter of their proposed summary judgment motion, includes allegations regarding the AGM Fund II television commercial. [ECF No. 36, at 8 (¶¶22-24)].  If Plaintiff is not seeking to put at issue whether AGM Fund II was entitled to claim an exemption from registration, as its letter suggests, it is difficult to ascertain any purpose to these allegations.

  At no prior point has Plaintiff made clear that it alleges Defendants' sales of securities issued by AGM Funds I & II were, somehow, unregistered sales of Par Funding securities even though Defendants' customers did not acquire any Par Funding securities.  Notably, Count I of the Complaint nowhere specifies that only the registration status of Par Funding is at issue; to the contrary, paragraph 138 alleges only in general terms that no registration statement was filed "with respect to the securities issued and the transactions conducted by the Defendants as described in this Complaint" and that "no exemption from registration existed with respect to these securities and transactions."  Would any reasonable reader conclude from that paragraph that only the registration of Par Funding securities is at issue, and not the registration of AGM Funds I & II securities that are also referenced extensively in the Complaint?

Hon. Diane Gujarati
July 26, 2023
Page 3

The lack of proper notice of what appears to be a central theory of liability is not an issue that can easily be set aside, given the late stage of the present proceedings and the very serious nature of the penalties Plaintiff seeks to impose upon Defendants for their alleged violations. But even taking Plaintiff's new theory on its face, there is no legal or factual basis for Plaintiff to seek summary judgment regarding this theory – much less obtain it.

There is not even one sentence of legal authority in Plaintiff's pre-motion letter to justify the proposition that Plaintiff's sales of AGM Funds I & II can somehow be deemed unregistered sales of Par Funding securities for purposes of the securities laws. AGM Funds I & II were a purchaser of securities issued by Par Funding, not a seller. Plaintiff's legal citations do nothing but define the elements of Section 5 of the Securities Act, and provide no support for the theory that Defendants sold unregistered Par Funding securities to customers simply because AGM Funds I & II purchased promissory notes issued by Par Funding.

The facts relevant to this legal theory are hotly contested as well. Plaintiff's assertion that AGM Funds I & II were nothing but Par Funding by another name was unequivocally denied in Defendants' deposition testimony. *See* Deposition of Vincent Camarda, at 53:6-9 ("Well, the PPM wasn't specifically created to invest in just Par Funding. James and I interviewed many other merchant cash advance companies to potentially invest.") This testimony is supported by the language of the Offering Memoranda for both AGM Funds I & II, both of which stated clearly that the main permitted and intended use of proceeds was to "make loans to merchant cash advance businesses," not necessarily Par Funding alone. Nothing in the Offering Memoranda committed AGM Funds I & II to invest exclusively in Par Funding, or even invest in Par Funding at all, if the managers identified superior alternatives. Defendants additionally testified that in speaking to potential investors about AGM Funds I & II, their discussions focused on the merchant cash advance industry in general because it was not Defendants' intention to invest only with one company. *See* Camarda Dep. at 57:11-22.

Thus, there is unquestionably an issue of fact as to whether Defendants' intent in creating AGM Funds I & II was merely to "funnel" investor funds to Par Funding, an allegation Defendants strongly deny. Plaintiff's argument appears to rest entirely upon the fact that AGM Funds I & II ultimately did not invest in any merchant cash advance companies aside from Par Funding, but at best that fact might raise an inference of some type of intent. It certainly does not offer a basis for summary judgment in the face of Defendants' clear, sworn testimony to the contrary and the documentary evidence supporting that testimony. And Plaintiff offers no legal authority to support the proposition that selling securities of AGM Funds I & II is the same thing as selling securities of Par Funding, even if Par Funding turned out to be the only investment AGM Funds I & II elected to make. Defendants' customers have never owned securities issued by Par Funding, and do not own any such securities today.

The fact that an investment in AGM Funds I & II was not the same as an investment in Par Funding, either legally or factually, is shown most clearly by the fact that the investors in AGM Funds I & II have continued to receive ongoing payments through the present day under the promissory notes that were issued to them by AGM Funds I & II, notwithstanding the fact that Par

Funding has been in SEC receivership since July 2020. As Defendants testified, and as Plaintiff is well aware, the AGM Funds entered into a new arrangement shortly after the SEC's case against Par Funding was filed whereby the AGM Funds' interest in Par Funding was exchanged for an obligation from another entity, and neither AGM Funds I & II have held any interest in Par Funding since that time. *See* Camarda Dep. at 24-25. Indeed, for this very reason, AGM Funds I & II did not file any claims in the receivership, because those funds do not own any interests in Par Funding. *Id.* at 25:18-21. But if investments in AGM Funds I & II had merely been investments in Par Funding by a different name, none of this would be true. The real-world outcome is that investors in AGM Funds I & II will recoup their investment according to the performance of AGM Funds I & II, and that performance is not dependent in any way upon the performance of promissory notes issued by Par Funding. The fact that Defendants' customers purchased interests in AGM Funds I & II, not securities issued by Par Funding, is unequivocally demonstrated by the fact that those customers have received, and continue to receive, investment returns which are unrelated to whatever returns may be provided by Par Funding or its receivership to Par Funding investors.

For these reasons, we view Plaintiff's proposed motion for summary judgment as meritless. We look forward to discussing these issues further with the Court at the pre-motion conference, and we thank the Court for its attention to these important matters.

Respectfully submitted,

/s/

Steven E. Mellen

Enclosure

cc:     All Counsel of Record (via ECF)

Winget | Spadafora | Schwartzberg | LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

A.G. MORGAN FINANCIAL ADVISORS, LLC,
VINCENT J. CAMARDA, and
JAMES MCARTHUR,

    Defendants.

Case No. 22-cv-3421-DG-ST

Hon. Diane Gujarati

**RESPONSE TO PROPOSED
RULE 56.1 STATEMENT**

---

    Pursuant to Local Rule 56.1 of the United States District Court for the Eastern District of New York, Defendants, A.G. Morgan Financial Advisors, LLC ("A.G. Morgan"), Vincent J. Camarda, and James McArthur, respectfully submit this response to Plaintiff's proposed Rule 56.1 Statement in regards to its proposed Motion for Summary Judgment. This Response may be revised or supplemented based upon discussions at the pre-motion conference to the extent permitted by the Court, and may be amended to the extent Plaintiff files a summary judgment motion or supporting Rule 56.1 Statement which differs from its pre-motion filing.

    1.    Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, and Defendants further note that the Complaint in this matter appears to allege that Par Funding notes paid 12% interest, not 20%. *See* Complaint ¶¶54, 58, 66, 74.

    2.    Admitted.

    3.    Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, the allegation is not specific as to time frame or the meaning of

1

the ambiguous phrase "worked with," and A.G. Morgan is not an investment fund. *See* Complaint ¶10 (identifying A.G. Morgan as a registered investment adviser).

4. Denied. Plaintiff has rephrased the allegation contained in paragraph 3 of the Complaint (including deletion of the very broad phrase "in connection with"), apparently to imply that Defendants have admitted to selling Par Funding promissory notes or soliciting the sale of same – an allegation they have denied repeatedly and specifically, including through sworn deposition testimony. Answer ¶¶6-9, 19, 50-51, 53-54, 78, 81, 92, 99, 106; Camarda Dep. 10:16-19; McArthur Dep. 41:24-42:6, 156:2-7.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted, although the allegation has no relevance to the stated purpose of Plaintiff's proposed motion, which seeks to establish only that Defendants sold unregistered securities of Par Funding.

9. Admitted, although the allegation has no relevance to the stated purpose of Plaintiff's proposed motion, which seeks to establish only that Defendants sold unregistered securities of Par Funding.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Defendants deny any pejorative implication of the word "funneled," which has no formal definition to Defendants' knowledge, but admit that funds raised by AGM Funds I & II were, as a factual matter, transferred to Par Funding to purchase promissory notes for the benefit of AGM Funds I & II.

16. Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, but Defendants have no knowledge of any promissory notes ever issued by Par Funding to A.G. Morgan, and Plaintiff's own Complaint alleges that promissory notes were issued to AGM Funds I & II, not to A.G. Morgan. *See* Complaint ¶¶95, 99.

17. Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, but Defendants have no knowledge of any promissory notes ever signed by Mr. McArthur on behalf of A.G. Morgan. As acknowledged above, AGM Funds I & II purchased promissory notes from Par Funding, and Mr. McArthur countersigned most or all of those notes on behalf of AGM Fund I or AGM Fund II, as applicable. *See* McArthur SEC Testimony at 112:3-7.

18. Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, and it is unclear what is meant by "utilizing the internet and email" to execute documents. As Mr. McArthur previously testified, he manually countersigned the promissory notes issued to AGM Funds I & II by Par Funding. *See* McArthur SEC Testimony at 113:5-8, 115:21-23.

19. Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, but assuming that the allegation references the "Notice of Exempt Offering of Securities" filed with the SEC by Complete Business Solutions Group, Inc. on February 12, 2019, that document identifies "AG Morgan Tax and Accounting" as a recipient

3

of sales compensation, and does <u>not</u> identify A.G. Morgan as a recipient of sales compensation. A.G. Morgan has no interest in A.G. Morgan Tax & Accounting, which is a separate company owned by an individual named Anthony Sabella. Camarda Dep. 86:1-6.

20. Denied. Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, but Defendants admit that the Par Funding promissory notes purchased by AGM Funds I & II generally provided for interest at a rate of 20%, paid out in accordance with the terms of the note. The promissory notes issued by AGM Funds I & II to investors in those funds paid interest at a rate of 12-14% (for Fund I) or 9-11% (for Fund II), as detailed in the Offering Memoranda for AGM Funds I & II. As Mr. Camarda previously testified, after interest payments were made to investors on the AGM Fund I & II promissory notes, any leftover funds would be transferred to the fund manager's account and used to pay expenses, prior to any distributions to the management team. Camarda SEC Testimony at 93:22-94:4; *see also* McArthur Dep. at 118:23-119:1.

21. Denied. The referenced testimony from Mr. Camarda says that a hypothetical investor who put $100,000 into AGM Fund I would receive a 12% return on his investment, in accordance with the terms of the promissory note issued to the investor by AGM Fund I. Camarda SEC Testimony at 96:23-97:4. Mr. Camarda additionally testified that the hypothetical $100,000 would be used by AGM Fund I to purchase a promissory note issued by Par Funding, which provided a return of 20% interest to AGM Fund I, payable in monthly installments. Camarda SEC Testimony at 97:5-9. Mr. Camarda's testimony does not provide support for the balance of the compound allegations made in this paragraph.

22. Admitted, although the allegation has no relevance to the stated purpose of Plaintiff's proposed motion, which seeks to establish only that Defendants sold unregistered

securities of Par Funding. As Mr. McArthur previously testified, this commercial aired for only a week or a week and a half, until Defendants requested that it be taken down and it was never aired again. McArthur SEC Testimony at 63:5-18.

23. Admitted, although the allegation has no relevance to the stated purpose of Plaintiff's proposed motion, which seeks to establish only that Defendants sold unregistered securities of Par Funding.

24. Admitted only that three investors invested in AGM Fund II as a result of the commercial, although the allegation has no relevance to the stated purpose of Plaintiff's proposed motion, which seeks to establish only that Defendants sold unregistered securities of Par Funding. As Mr. McArthur previously testified, one of those three investors also invested in AGM Fund I "eventually," in connection with a full financial plan provided by Defendants and not as a result of the commercial. Accordingly, to the extent there is any claimed relevance, Mr. McArthur's testimony does not support the allegation that an investment was made in AGM Fund I as a result of the commercial. McArthur SEC Testimony at 64:18-23.

25. Denied. The referenced testimony from Mr. Camarda was offered only as a general description of his discussions with clients regarding AGM Fund I & II, and the characterization presented by this allegation is not supported by the testimony. Camarda SEC Testimony 88:7-17.

26. Admitted.

27. Admitted.

28. Admitted only that the allegation accurately sets forth Mr. McArthur's recollection of the total amount invested in AGM Funds I & II. Plaintiff has not provided the supporting document from which the context of this allegation can otherwise be assessed.

29.     Denied.  Plaintiff has not provided the supporting document from which the context of this allegation can be assessed, but Mr. McArthur testified that he was not a signatory on any A.G. Morgan bank account other than the accounts for AGM Funds I & II, and only had authority over the bank accounts for AGM Funds I & II.  McArthur Dep. at 164:4-10.  The referenced testimony establishes only that AGM Funds I & II wired money that had been raised from investors to Par Funding, in order to purchase the promissory notes that were issued to AGM Funds I & II.  To the extent this allegation seeks to imply that investors in AGM Funds I & II made investments of their own into Par Funding, the referenced testimony does not support the allegation.

Dated: July 26, 2023

                                WINGET, SPADAFORA & 
                                SCHWARTZBERG, LLP
                                *Attorneys for Defendants*

                                Steven E. Mellen, Esq. [SM-7368]
                                *mellen.s@wssllp.com*
                                45 Broadway, 32nd Floor
                                New York, New York 10006
                                Tel: (212) 221-6900
                                Fax: (212) 221-6989

                                Benjamin J. Biard, Esq.
                                *biard.b@wssllp.com*
                                Zachary S. Knoblock, Esq.
                                *knoblock.z@wssllp.com*
                                One Southeast Third Avenue, Suite 1950
                                Miami, Florida 33131
                                Tel: (305) 830-0600
                                Fax: (305) 830-0601