# EXHIBIT I



Confidential Treatment Requested By FINRA

FEN_080725

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a PAR FUNDING, *et al.*,

      Defendants.

Civil Action No. 20-cv-81205-RAR

### DECLARATION OF VINCENT JEROME CAMARDA

I, Vincent J. Camarda, being duly sworn according to law, hereby depose and say:

1. My name is Vincent Jerome Camarda, I am a fund manager of the AGM Capital Fund, and I am over 18 years of age. I have personal knowledge of the following facts, and if called to testify as a witness, I would testify competently as to the following facts.

2. Approximately four (4) years ago, I first became involved with Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par") as a merchant who entered into certain cash advance agreements with Par.

3. Subsequently, approximately three (3) years ago, AGM Capital Fund began investing in certain debt/note agreements with Par. These were loans with fixed terms.

4. Currently, AGM Capital Fund has approximately $60 million invested in Par.

5. Therefore, I offer this testimony both from the perspective of a merchant who entered into multiple Merchant Cash Advance ("MCA") agreements with Par, as well as a Fund Manager who entered into certain debt agreements with Par.

Page 1 of 5

Confidential Treatment Requested By FINRA    FEN_080726

6. I have reviewed the Securities and Exchange Commission's (the "Commission") Complaint against Par and vigorously dispute the representations, allegations and facts asserted therein.

7. First and foremost, Par Funding has been clear and transparent, including Joe LaForte. Mr. LaForte's prior criminal history has never been concealed. As such, the Commission's allegations regarding this are simply wrong.

8. Specifically, Joseph LaForte's felony convictions, which were known from the beginning, did not change my decision to become involved with either Par or Mr. LaForte. Par has always acted professionally and shown not only good judgment but that it cares about those who it enters into agreements with.

9. The Commission has not spoken with me, or anyone at my fund, regarding their current actions, despite their claims of trying to protect us. I am entirely against liquidation or closure of Par as it will not only hurt myself, but also hundreds of my investors.

10. In fact, if liquidation were to occur, such that the Court or the Commission would not allow Par to continue its business, it is highly likely that many of my investors who are senior citizens would lose much of their life savings and homes.

11. In addition to the information provided herein, including below, I wish to be heard by this Court to provide testimony to further the deleterious effects that will be caused by the Commission's actions, as well as how they simply got this one wrong.

### MCA Agreement's From the Merchant Perspective

12. As it applied to my small business, Par did not engage in the business of making opportunistic loans. I sold certain receivables in exchange for working capital for my business. The terms of the agreement were clear and up front, and I knew exactly what I was agreeing to.

Confidential Treatment Requested By FINRA                FEN_080727

Further, I found that all of my interactions with the employees, officers, agents, and directs of the terms of the agreement were completely professional and handled with care.

13. Indeed, at one point during the pendency of my MCA agreements with Par, I had trouble making some payments. As a result, I spoke with Joseph LaForte and Par.

14. Mr. LaForte was a true professional and gentleman, and worked with my company. While he did not have to do so, he understood my position and provided flexibility during a hard time. Because of Par's willingness to help my small business, I was able to pay Par the agreed sum of money, without the need for litigation or default. Without Par, I am certain that my small business would not have been able to keep operating. I would have filed for bankruptcy for certain. When no one else would help me, Joe LaForte did!!

15. After my business was able to complete its obligations under the MCA agreement, based upon my knowledge of the company and the individuals involved, I decided to inquire about loaning money to Par through AGM Capital Fund.

**AGM Capital Fund**

16. Par allowed me to do all the due diligence that I felt was necessary before I entered into any agreements.

17. As a result, Par provided me with complete access to its books and financial records and answered every question I posed to it. Par was upfront and honest and provided sufficient records to back up each response.

18. As I was a prior merchant, and on the other side of the agreements with Par, I understood the risk of seeking working capital in the MCA industry. Further, all appropriate disclosures were made to my fund's investors, including all that was discussed above. As such, we

knew that there could be a higher risk associated with this industry, which is what was contemplated in the rates of returns offered.

19. The AGM Capital fund first began with smaller loans with Par that grew over time.

20. Importantly, investors with AGM Capital have been able to come and go throughout the years, deciding for themselves whether to continue with Par. For example, some investors decided not to reinvest their principal after the expiration of their term loan. Conversely, many others decided to reinvest their principal.

21. In one particular instance, an individual requested to end the term loan she had entered into early, and asked if Par would return her $1,000,000 investment. I spoke with Par and they understood this individual's position and were happy to return her entire principal early.

22. Par has never missed a payment due our clients since the inception of all business dealings.

23. During the COVID-19 Pandemic, in March 2020, Par asked if we would enter into Exchange Note Agreements as a result of the pandemic's effect on the business.

24. Unlike how the Commission represented the Exchange Note offer process in the Complaint, the process was truly voluntary. As such, I consulted with my fund, considered the records provided, and decided not to enter into the Exchange Note Agreements.

25. Par understood that many of the fund's investors relied upon the interest payments, as it was their sole retirement income, and had no issue with us deciding not to enter into that particular agreement. In fact, as stated above, Par has not missed a single payment to AGM Capital Fund.

Page 4 of 5

Confidential Treatment Requested By FINRA                    FEN_080729

**Conclusion**

26. Important for this Court's consideration, AGM Capital Fund just successfully completed a nine (9) month review with the Commission.

27. During this review, the Commission reviewed every record we had, found that our business was legitimate, and let us continue with our normal business dealings.

28. I am entirely against liquidation of Par or shutting down the business.

29. If Par is liquidated and not allowed to continue to operate, hundreds of investors in AGM Capital Fund will have their lives completely destroyed or at least altered considerably.

30. Many of these individuals have invested a substantial amount of their retirement savings and shutting down Par, without allowing it to fulfill its obligations to AGM Capital Fund is completely unacceptable. Lives will be affected, people will lose their homes, and those who are already in retirement could lose everything.

31. Par and Joe LaForte have always been professional and forthright. I have spoken with many people at Par, without ever having any issues. No one has ever placed an undue burden or pressure on myself or AGM Capital Fund, but in fact has shown compassion and understanding.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated: July 30, 2020

_____
Vincent Jerome Camarda

Confidential Treatment Requested By FINRA                                           FEN_080730

Confidential Treatment Requested By FINRA                                    FEN_080731