

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131

Miami
Regional Office

**DIVISION OF ENFORCEMENT**

PASCALE GUERRIER
SENIOR TRIAL COUNSEL
DIRECT DIAL: (305) 982-6301
EMAIL: guerrierp@sec.gov

February 11, 2026

<u>VIA ECF</u>
Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>SEC v. A.G. Morgan Financial Advisors, LLC, et al., 2:22-cv-03421-NJC-ST
February 18, 2026, Settlement Conference Attendance</u>

Dear Judge Tiscione:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court waive the requirement for all parties to have a representative with full settlement authority at the in-person settlement conference on February 18, 2026.

      The rules and regulations governing the Securities and Exchange Commission as well as the Commission's policies require Commission members to review and approve any settlement of litigation the Commission has commenced. Accordingly, we are unable to comply with the requirement for a representative of the SEC with complete settlement authority at the settlement conference, absent having all Commission members present for the settlement conference. Consequently, the Commission requests the Court to allow undersigned trial counsel Pascale Guerrier and Teresa Verges, the Supervisory Trial Counsel for the Miami Regional Office, to attend the settlement conference on February 18, 2026, on behalf of the Commission. These attorneys will have full authority to negotiate a settlement to recommend to the Commission for its consideration and approval.

      The Commission currently consists of three Commissioners,[1] appointed by the President with the advice and consent of the Senate. *See* Section 4(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78d(a). Only the Commissioners (by vote) may authorize commencement of a securities enforcement action such as this one. Exchange Act § 21(d)(1), 15

---

[1] Commissioner Caroline Crenshaw, left the SEC in mid-December 2025, leading to a three-member Commission under the current administration.

U.S.C. § 78u(d)(1). Just as only the Commissioners may authorize an enforcement action, only the Commissioners, and not their staff, have authority to settle such an action. *See* 17 C.F. R. § 202.50(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may *discuss* with persons involved in the disposition of such matters by consent, by settlement, or in some other manner.") (emphasis added).

Because only Commission members acting as a body may approve a settlement, it is impossible for the Commission to have a representative with binding authority to settle the case present at the settlement conference. Both the Federal Rules of Civil Procedure and the federal courts have recognized the unique position that agencies of the federal government occupy when it comes to having a representative with binding authority present at settlement conferences. For example, the Advisory Committee Notes to the 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure discuss the status of government agencies attending pretrial conferences at which settlement may be discussed:

> The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, in appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier or someone else would depend on the circumstances. *Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is a recommendation to the body or board with ultimate decision making responsibility*. The selection of appropriate representative should ordinarily be left to the party and its counsel.

Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure (emphasis added).

Clearly, the Federal Rules contemplate the exact situation the Commission faces here – the inability to have a person with "on-the-spot" settlement authority present. Furthermore, federal courts considering the issue have held that it is not always possible for federal government agencies to have a representative with binding authority present at settlement conferences. In *In re Stone*, 986 F.2d 898 (5th Cir. 1993), the Fifth Circuit held a standing district court order requiring federal government agencies to have representatives with full settlement authority present at all settlement conferences was an abuse of discretion. While finding that the district court had the inherent power to manage its own docket and require the government to have a representative with settlement authority "at least reasonably and promptly accessible" at pre-trial conferences, the Fifth Circuit also stated that "a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order." *Id*. at 903 (footnote omitted).

In *Stone*, the U.S. Attorney General's Office objected to the district court order because, as the Commission does, it had regulations requiring that only certain officers (such as the Deputy

Attorney General) could approve a settlement. The *Stone* court found that the goal of centralized and consistent decision-making justified the regulations, and "given the insignificant interference with the operation of the courts, the district court abused its discretion in not respecting those regulations." *id*. at 904. The court also found that the district court should have considered "less drastic" alternatives prior to "as a last resort" requiring persons with authority to settle to attend a pre-trial conference. *Id*. at 905. *See also SEC v. Xia*, No. 21-cv-5350 (E.D.N.Y. June 24, 2022 Order) (granting SEC's request to excuse Commissioners and have an attorney attend the conference in person, with a senior officer available by phone).

Because only Commission members may approve any settlement of this case, the Commission is in a different posture than an individual party. It cannot have a person with full settlement authority present. That is not to say that the Commission cannot or will not attend the settlement conference and attempt to negotiate in good faith. The fact that the Commission is willing to send a senior officer in the Miami Regional Office – the office responsible for this litigation – shows the Commission takes this matter seriously.

For all of the aforementioned reasons, the Commission respectfully requests that it be permitted to attend the settlement conference through the trial counsel assigned to this case and the Supervisory Trial Counsel in the Miami Regional Office, who will have full authority to negotiate a settlement to recommend to the Commission for its consideration and approval.

Defendants do not object to the relief sought in this Motion.

Respectfully submitted,

s/ *Pascale Guerrier*
Pascale Guerrier
Senior Trial Counsel