**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Securities and Exchange Commission,<br><br>                                         Plaintiff,<br><br>                        -v-<br><br>A.G. Morgan Financial Advisors, LLC, Vincent J. Camarda, and James McArthur,<br><br>                                         Defendants. | 2:22-cv-3421<br>(NJC) (ST) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

This action involves claims brought by the Securities and Exchange Commission (the "Commission") against Defendants A.G. Morgan Financial Advisors, LLC ("AGM"), Vincent J. Camarda, and James McArthur for alleged violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78o(a)(1), and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2). Before the Court is the parties' joint letter motion to approve two proposed consent judgments to resolve the claims against AGM and Camarda.[1]

For the reasons set forth below, the motion is granted and the proposed consent judgments, which are filed as attachments to this Memorandum and Order, are approved.

---

[1] Concurrently with their letter motion, the parties filed a stipulation to dismiss the claims against Defendant McArthur. (ECF No. 81.) This Court dismissed McArthur from this action on July 9, 2026. (Elec. Order, July 9, 2026.)

**BACKGROUND**

The Commission commenced this action on June 9, 2022 against Defendant AGM, which is an investment advisor, as well as Vincent Camarda and James McArthur, who respectively serve as AGM's principal and former Chief Compliance Officer. (*See* Compl., ECF No. 1.) The Complaint alleges that from around August 2017 until at least November 2017 and from around December 2018 until at least July 2020, Defendants violated federal securities laws by "solicit[ing] investors and offer[ing] or [selling] promissory notes to investors in connection with a more than $500 million unregistered fraudulent offering" with a lending company that did business as "Par Funding." (*Id*. ¶ 3.) It further alleges that Camarda made assurances to investors "while failing to disclose that his company AGM was in debt to Par Funding and that Camarda was a guarantor on that debt to Par Funding," and that Defendants "collectively received more than $7 million in compensation from Par Funding for their sales of the unregistered securities." (*Id*. ¶¶ 8–9.) In so doing, Defendants AGM and Camarda allegedly "violated their fiduciary duty to their investment adviser clients by failing to disclose to investors that they had a conflict of interest." (*Id*. ¶ 4.).

Defendants filed an Answer on August 24, 2022. (ECF No. 14.) On October 28, 2022, the parties appeared before Magistrate Judge Steven Tiscione for a settlement conference. (ECF No. 25.) On March 25, 2024, the parties filed their fully briefed cross-motions for partial summary judgment. (ECF Nos. 52 to 55.) On July 30, 2025, I denied both motions in a Memorandum and Order. (ECF No. 63.)

On January 26, 2026, the parties appeared for a pre-trial conference to discuss the anticipated scope of trial, including anticipated witnesses and documentary evidence. (Min.

Entry, Jan. 26, 2026.) I scheduled a jury trial to commence on August 10, 2026. (*Id.*; Scheduling Order, ECF No. 74.)

On February 19, 2026, the parties appeared for a second settlement conference before Judge Tiscione. (ECF No. 78.) At the conference, the parties "were able to reach a tentative disposition subject to verification of certain documents and final approval by the Commissioner." (*Id.*) On March 4, 2026, upon request from the parties, I stayed all pending deadlines in this action and adjourned the jury trial until January 11, 2027. (Elec. Order, Mar. 4, 2026.)

On July 2, 2026, the parties filed a joint letter motion to approve two proposed consent judgments that would resolve the claims against Defendants AGM and Camarda (ECF No. 80), as well as a stipulation to dismiss all claims against Defendant McArthur (ECF No. 81). Under the terms of the proposed consent judgments, AGM and Camarda—as well as any of their officers, agents, servants, employees, attorneys, and other affiliates who receive actual notice of the consent judgment—are permanently enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, and the Securities Act and Exchange Act claims against them are dismissed with prejudice. (*See* ECF Nos. 80-3, 80-4.)

## LEGAL STANDARDS

The Second Circuit "recognizes a strong federal policy favoring the approval and enforcement of consent decrees." *S.E.C. v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 293 (2d Cir. 2014) (internal quotation marks omitted). In reviewing a proposed consent judgment involving an enforcement agency, a court must "determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved." *Id.* at 294 (internal quotation marks omitted). The court must consider the following

four factors when evaluating whether a proposed consent decree is fair and reasonable: (1) "the basic legality of the decree," (2) "whether the terms of the decree, including its enforcement mechanism, are clear," (3) "whether the consent decree reflects a resolution of the actual claims in the complaint," and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind." *Id*. at 294–95 (internal citations omitted). "The primary focus of the inquiry, however, should be on ensuring the consent decree is procedurally proper, using objective measures similar to the factors set out above, taking care not to infringe on the [enforcement agency's] discretionary authority to settle on a particular set of terms." *Id*. at 295. A court must enter a proposed consent judgment involving an enforcement agency "absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements. . . ." *Id*. at 294.

## DISCUSSION

Here, the parties' proposed consent judgments are "fair and reasonable" in accordance with the factors set forth in *S.E.C. v. Citigroup Global Markets, Inc.* and the "public interest would not be disserved" by their entry. 752 F.3d at 294. All four factors considered to evaluate the fairness and reasonableness of a proposed consent judgment weigh in favor of approval for the reasons explained below.

### I.    Basic Legality of the Proposed Consent Judgment

The proposed consent judgments satisfy the "basic legality" requirement. "A proposed consent judgment with the U.S. government is legal as long as the court has authority to enter the judgment and the plaintiff has authority to enforce it." *S.E.C. v. Xia*, No. 21-cv-5350, 2024 WL 3592170, at *5 (E.D.N.Y. July 26, 2024). The proposed consent judgments permanently enjoin AGM and Camarda from violating the anti-fraud provisions of the Advisers Act. (ECF No. 80-3

4

at 1–2; ECF No. 80-4 at 1–2.) The Court has the authority to enter judgments in this action for injunctive relief. *See* 28 U.S.C. § 1331 (granting federal question jurisdiction); *id*. § 1345 (granting original jurisdiction over civil actions commenced by the United States or one of its agencies or officers); 15 U.S.C. § 80b-14 (granting federal courts jurisdiction to enforce the Advisers Act). Additionally, the SEC "plainly" has authority to seek enforcement in order to deter future violations. *Xia*, 2024 WL 3592170 at *5; *see also* 15 U.S.C. § 80b-14 (authorizing the Commission to enforce the Advisers Act through actions in federal court seeking injunctive relief). Accordingly, the proposed consent judgments comport with the basic legality standard.

## II.     Clarity of the Proposed Consent Judgments

The proposed consent judgments are clear on their terms and the mechanism for enforcing their requirements. "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed" and that makes clear "precisely what acts are forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (quotation marks omitted). The proposed consent judgments identify particular Adviser Act provisions with which AGM and Camarda must comply and describe specific actions that are prohibited: engaging in any fraudulent transactions or activities

> by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of client funds; and (D) compensation to any person.

(ECF Nos. 80-3 at 2, 80-4 at 2.) The proposed consent judgments also identify all those who are bound by their terms: AGM and Camarda, as well as their "officers, agents, servants, employees, and attorneys," and "other persons in active concert or participation with [each] Defendant" "who receive actual notice of this Final Judgment." (*Id*.) Pursuant to the terms of each proposed

5

consent judgment, this Court retains jurisdiction over this matter "for the purposes of enforcing the terms of [both] Final Judgment[s]." (ECF Nos. 80-3 at 3, 80-4 at 3.)

Each of the aforementioned terms of the consent judgments are clearly laid out. Therefore, the proposed consent judgments are clear on their terms and execution.

### III.    Resolution of the Actual Claims of the Complaint

The proposed consent judgments resolve the actual claims in the Complaint against AGM and Camarda, which concern these Defendants' alleged violation of federal securities laws from around August 2017 until at least November 2017 and from around December 2018 until at least July 2020. (*See* Compl. ¶¶ 22–136.) They enjoin AGM and Camarda from violating the Advisers Act and dismiss with prejudice the remaining claims against AGM and Camarda, which arise under the Securities Act and Exchange Act. Moreover, by separate stipulation, all claims against McArthur are dismissed. (ECF No. 81; Elec. Order, July 9, 2026.) Accordingly, the proposed consent judgments resolve the actual claims in the Complaint following the dismissal of McArthur from this action.

### IV.    Lack of Improper Collusion or Corruption

There is no evidence in the record suggesting that the proposed consent judgments are tainted by improper collusion or corruption. By contrast, the parties were involved in adversarial litigation over the course of several years, which included the parties' engagement in summary judgment motion practice which was resolved by this Court, and two settlement conferences before Judge Tiscione. (ECF No. 25, 52 to 55, 78.) Therefore, the proposed consent judgments are free of improper collusion or corruption.

6

## V.     The Public Interest

Finally, the "public interest would not be disserved" by entry of the consent judgments against AGM and Camarda. *Citigroup*, 752 F.3d at 294. "The job of determining whether the proposed [agency] consent decree best serves the public interest . . . rests squarely with the [agency], and its decision merits significant deference." *Id*. at 296. "Courts in this Circuit have approved consent judgments when the judgments do not 'bar[] private litigants from pursuing their own claims independent of the relief obtained under the consent decree,' . . . or when 'no participants in [the] proceeding have set forth a legitimate basis for concluding that the consent decree would harm the public.'" *Xia*, 2024 WL 3592170 at *9 (citing *S.E.C. v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 374 (S.D.N.Y. 2016)). Here, the Commission maintains that the proposed consent judgments "are fair and reasonable and do not disserve the public interest." (ECF No. 80 at 1.) No participants in the proceeding have asserted that the consent decrees would harm the public. Accordingly, the Court affords the Commission's determination "significant deference" and finds that the proposed consent judgments serve the public interest. *Citigroup*, 752 F.3d at 296.

## CONCLUSION

For the foregoing reasons, the proposed consent judgments are fair and reasonable and do not disserve the public interest. As a result, the Court approves the proposed consent judgments, which are filed as attachments to this Memorandum and Order.

The Clerk of the Court is directed to enter judgment accordingly and close the case.

Dated: Central Islip, New York
       July 9, 2026

                                        /s/ Nusrat J. Choudhury
                                        NUSRAT J. CHOUDHURY
                                        United States District Judge